UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DANIELLE LATRICE YOUNG, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 4:18-cv-00285 |
| TORCHMARK CORPORATION d/b/a AMERICAN INCOME LIFE INSURANCE, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes DANIELLE LATRICE YOUNG ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of TORCHMARK CORPORATION d/b/a AMERICAN INCOME LIFE INSURANCE ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred in the Southern District of Texas.

## PARTIES

4. Plaintiff is a 37 year-old natural person residing at 2007 Chew Street, Houston, Texas, which is located within the Southern District of Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant, through its subsidiaries, provides various life and health insurance products to consumers across the country. In order to generate subscribers, Defendant advertises its products through the use of telephone solicitation. Defendant's headquarters are located in McKinney, Texas, and Defendant is registered at 1999 Bryan Street, Suite 900, Dallas, Texas.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In the winter of 2017, Plaintiff was interested in obtaining insurance quotes, so she submitted some of her financial information to Defendant.

10. Shortly thereafter, Plaintiff conducted additional research on Defendant and realized that she was no longer interested in its services.

11. In approximately December 2017, Plaintiff began receiving calls to her cellular phone, (832) XXX-0583, from Defendant.

12. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 0583. Plaintiff is and has always been financially responsible for the cellular phone and its services.

13. Defendant has mainly called Plaintiff's cellular phone using the phone number (800) 411-8808, but upon belief, it has used other numbers as well.

14. Upon information and belief, the above phone number ending in 8808 is regularly utilized by Defendant to make outgoing calls to consumers it is soliciting.

15. When Plaintiff answers calls from Defendant, she experiences a noticeable pause and often has to say "hello" several times before she is connected with a live representative.

16. Upon speaking with one of Defendant's representatives, Plaintiff is solicited to continue with her application process, but Plaintiff has informed Defendant that she is no longer interested and has demanded that it stop calling her.

17. Despite Plaintiff's demands, Defendant continued to systematically call her cellular phone into 2018.

18. Plaintiff has received not less than 13 phone calls from Defendant after demanding that it stop contacting her.

19. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $46.00 to purchase and maintain an application subscription on her cellular phone in an attempt to quell Defendant's calls, resulting in pecuniary loss. However, Defendant's communications have persisted.

20. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding her rights resulting in costs and expenses.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted telephone solicitation calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity,

diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

24. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The noticeable pause that Plaintiff experiences upon answering Defendant's calls, as well as the fact that Plaintiff has to repeatedly say "hello" before she is connected with a live representative is instructive that an ATDS is being used to generate the phone calls. Similarly, the frequency and nature of Defendant's calls are indicative of an ATDS.

25. Defendant violated the TCPA by placing at least 13 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent Plaintiff *may* have given to Defendant was explicitly revoked by her demands that it cease contacting her.

26. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

27. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

4

WHEREFORE, Plaintiff, DANIELLE LATRICE YOUNG, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 30, 2018

Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff
Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 581-5858 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com